UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**JASON D. LOUIS,**

      **Defendant.**

Case No. 2:18-cr-227
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

The matter before the Court is Defendant Jason D. Louis's ("Defendant") Motion for Compassionate Release (ECF No. 69). The Government opposes the motion (ECF Nos. 72, 74). For the following reasons, the motion is **DENIED**.

**I.**

Defendant pleaded guilty on July 24, 2019 to two counts of Distribution of Heroin and Fentanyl, one count of Distribution of Fentanyl, one count of Distribution of 50 Grams or More of a Mixture Containing Methamphetamine, one count of Possession with Intent to Distribute Heroin, and three counts of being a Felon in Possession of a Firearm. (ECF No. 45.) On November 22, 2019, this Court sentenced Defendant to 140 months' imprisonment and imposed a five-year term of supervised release. (ECF No. 54.) Citing the outbreak of COVID-19, Defendant now moves the Court for a modification in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which would allow him to serve the remainder of his sentence on supervised release. (Def.'s Mot. Compassionate Release, ECF No. 69.)

**II**.

Since 1984, when Congress passed the Sentencing Reform Act, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances.  *See* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984).  Prior to the passage of the First Step Act of 2018, district courts could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP").  *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence.  The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**III.**

Defendant moves the Court for a compassionate release.  He argues that the Court has the authority to order such release because he has exhausted his BOP administrative remedies and that such a release is justified for extraordinary and compelling reasons.  (Def's Mot. at 2.)  Defendant, who is 39 years old, suffers from several health conditions which he asserts put him at high risk of contracting a serious case of COVID-19.  (*Id.*)  Defendant submitted to the warden on May 18,

2020 a request for compassionate release. (*Id.* at Ex. D.) More than 30 days have passed since the warden received this request; therefore, the Court has authority to decide this motion regardless of any action or inaction by the BOP. 18 U.S.C. § 3582(c)(1)(A).

The Government opposes Defendant's release. The Government argues that, notwithstanding any extraordinary or compelling circumstances, releasing Defendant is not warranted based on the sentencing factors set forth in 18 U.S.C. § 3553(a) and that Defendant is a danger to the community. (Gov't Resp. to Def.'s Mot., ECF No. 72; Gov't Surreply, ECF No. 74.) The Court agrees.

Even if Defendant did present extraordinary and compelling circumstances, the sentencing factors set forth in 18 U.S.C. § 3553(a) counsel against granting Defendant compassionate release. Before granting compassionate release, the Court is required to consider whether such release would comport with the § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A). Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a).

The Court starts with the nature and circumstances of these offenses. The criminal conduct here was extreme. Defendant admitted to distributing methamphetamine, heroin, and fentanyl—three highly addictive drugs which are responsible for tens of thousands of deaths nationwide every year. Though Defendant was not held legally responsible for anyone's death, the investigation into Defendant's conduct began when narcotics detectives received a referral from a heroine/fentanyl overdose death. Defendant's drug trafficking appears even more dangerous when coupled with his firearms offenses. A search of Defendant's home revealed several firearms and a significant amount of ammunition, all of which Defendant was prohibited from possessing on account of his prior felony convictions.

Coupled with the dangerous nature of the offenses, the history and characteristics of Defendant leave no doubt that compassionate release is not appropriate. While trafficking in dangerous drugs and firearms is serious on its own, it becomes more egregious when considering that Defendant perpetrated these offenses with a substantial criminal history. Defendant's criminal history includes several drug trafficking offenses, robbery, and domestic violence. This history only hurts Defendant's case for compassionate release. The seriousness of those offenses matches the seriousness of the offenses at issue here. And nothing else about Defendant's history leads the Court to believe that such an early release from his 140-month sentence would in any way comport with the sentencing factors.

The remaining factors also weigh against granting Defendant's motion. Defendant has only served 11 months of a 140-month sentence. Serving only 11 months in custody for this severe conduct would fail to "reflect the seriousness of the offense, to promote

4

respect for the law, and to provide just punishment for the offense." *Id.* § 3553(a)(2)(A). Furthermore, releasing Defendant with only a minimal portion of his sentenced served would fail to afford "adequate deterrence" for dangerous drug and firearms offenses that put lives in danger every day. *Id.* § 3553(a)(2)(B). Lastly, Defendant has a violent criminal history and has continued this pattern of criminal conduct into his late thirties; he must remain incarcerated to "protect the public from further crimes" of Defendant. *Id.* § 3553(a)(2)(C).

In sum, the sentencing factors counsel heavily against granting Defendant a compassionate release only 11 months into his lengthy sentence. As such, Defendant is not entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A).

### IV.

For the reasons stated above, Defendant's Motion for Compassionate Release (ECF No. 69) is **DENIED.**

**IT IS SO ORDERED.**

**10/27/2020**  **s/Edmund A. Sargus, Jr.**
**DATE**      **EDMUND A. SARGUS, JR.**
              **UNITED STATES DISTRICT JUDGE**