UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JASON D. LOUIS,

        Defendant.

Case No. 2:18-cr-227
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Jason Louis's Motion for Compassionate Release (ECF No. 95) and Supplemental Motion for Compassionate Release (ECF No. 96). The Government filed a Response in Opposition (ECF No. 97). For the following reasons, Defendant's motions are **DENIED**.

### I. BACKGROUND

Defendant pleaded guilty on July 24, 2019, to two counts of Distribution of Heroin and Fentanyl, one count of Distribution of Fentanyl, one count of Distribution of 50 Grams or More of a Mixture Containing Methamphetamine, one count of Possession with Intent to Distribute Heroin, and three counts of being a Felon in Possession of a Firearm. (Change of Plea Minute Entry, ECF No. 45; Plea Agreement, ECF No. 40.) On November 54, 2019, the Court sentenced Defendant to a 140-month period of incarceration followed by a five-year term of supervised release. (Sentencing Minute Entry, ECF No. 54.)

Defendant first applied for compassionate release on September 24, 2020. (ECF No. 69.) He argued that his extraordinary and compelling reason for release was his high susceptibility to COVID-19 due to hypertension, obesity, high cholesterol, chronic kidney disease, neuropathy, gastro-esophageal reflux disease, and Type 1 diabetes. (*Id.*) This Court denied his motion because

1

"[e]ven if Defendant did present extraordinary and compelling circumstances, the sentencing factors set forth in 18 U.S.C. § 3553(a) counsel against granting Defendant compassionate release." (Op. & Order, ECF No. 75.) The Court considered the extreme nature of Defendant's offenses, his lengthy criminal history of several drug trafficking offenses, robbery, and domestic violence, and the fact that serving 11 months of a 140-month sentence did not reflect the severity of Defendant's offense or provide just punishment. (*Id.*) Defendant appealed the decision and the Sixth Circuit affirmed this Court's denial of his release. (Order of USCA, ECF No. 88.)

On February 18, 2022, Defendant filed a pro se second Motion for Compassionate Release. (ECF No. 95.) Defendant, a forty-one-year-old man, states that he has had COVID-19 twice since the beginning of the pandemic and has trouble breathing. He suffers from Type 1 diabetes, high blood pressure, high cholesterol, obesity, and Stage 4 kidney disease. The Court appointed counsel to represent Defendant. With the assistance of counsel, Defendant filed a supplemental Motion for Compassionate Release with letters from family and acquaintances on July 11, 2022. (ECF No. 96.) The Government filed a Response in Opposition to the motions for compassionate release (ECF No, 97). Defendant's motions are ripe for review.

## II. STANDARD

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat.

5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 978 F.3d at 1006. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1007. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 978 F.3d at 1008. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.     ANALYSIS

Defendant Louis is not entitled to compassionate release because he did not exhaust his administrative remedies by applying for early release from the warden of his institution and the § 3553(a) factors weigh against release.

### A. Defendant did not exhaust his administrative remedies

Defendant has not submitted proof that he exhausted the statute's administrative requirements. Under § 3582(c)(1)(A), the Court "may not modify a term of imprisonment" based on a defendant's compassionate release motion until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Federal Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). That restriction—which can be satisfied either by full administrative exhaustion or instead by waiting 30 days from the warden's receipt of the request—is mandatory. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). "A defendant bears the burden to show administrative exhaustion." *United States v. Green*, No. 3:20-cr-15, 2022 WL 93376, at *2 (S.D. Ohio Jan. 10, 2022).

In his motion for early release, Defendant does not claim that he submitted a request to the warden and he does not provide evidence of such a request. Because Defendant does not meet his burden to show administrative exhaustion, Defendant's motion is denied.

### B. The § 3553(a) factors weigh against Defendant's release

This Court must consider factors listed in § 3553(a) as part of its analysis. The factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," the need to "protect the public from further crimes of the defendant." "The sentence must reflect the seriousness of the offense" and it must "afford adequate deterrence of criminal

conduct." 18 U.S.C. § 3582(c)(1)(A).

For the same reasons the Court stated in its prior Opinion and Order, the nature and circumstances of the Defendant's offense do not support his early release. (*See* ECF No. 75.) Defendant admitted to distributing methamphetamine, heroin, and fentanyl. He also possessed firearms and a significant amount of ammunition despite his status as a felon. These are serious crimes and do not weigh in favor of early release. Furthermore, the Court believes there is an ongoing need to protect the public. Defendant's drug trafficking negatively impacted the public because methamphetamine, heroin, and fentanyl are responsible for tens of thousands of deaths nationwide every year. Defendant's violent criminal history or robbery, domestic violence, and several previous drug trafficking offenses also indicate that he would be a danger to the public if he was not fully rehabilitated. Finally, Defendant has served only one third of his 140-month sentence. His release at this time would not reflect the seriousness of his crimes or deter other criminal conduct. The Court appreciates the letters from Defendant Louis's family and friends that suggest Mr. Louis is a changed person. For now, they do not outweigh the § 3553(a) factors weighing against release.

### IV.    CONCLUSION

For the reasons set forth above, Defendant Jason Louis's Motion for Compassionate Release (ECF No. 95) and Supplemental Motion for Compassionate Release (ECF No. 96) are **DENIED**.

**IT IS SO ORDERED.**

**8/24/2022**                                                                  **s/Edmund A. Sargus, Jr.**
**DATE**                                                                            **EDMUND A. SARGUS, JR.**
                                                                                             **UNITED STATES DISTRICT JUDGE**